IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON SYKES,<br><br>        Plaintiff,<br><br>  v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>        Defendants<br>_____ | No. C 04-4229 MMC (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR INDICATE THAT SUCH MOTION IS NOT WARRANTED** |

Plaintiff, a California prisoner incarcerated at Pleasant Valley State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against officials at the California Training Facility in Soledad, California ("CTF Soledad"), where plaintiff was formerly incarcerated. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    <u>Standard of Review</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>See id</u>. at 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

　　1.  Medical Care

Plaintiff alleges that in May 2004, he discovered blood in his urine. He further alleges that he filed with defendant Warden Jim Hamlet ("Hamlet") and defendant Appeals Coordinator W.B. Childress ("Childress") an administrative grievance requesting medical care. Plaintiff further alleges that Hamlet and Childress thereafter referred said request to defendant Staff Physician/Surgeon Timothy W. Friederick ("Friederick"). Plaintiff alleges he did not receive adequate medical care for his condition.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A claim of mere negligence in connection with medical conditions does not suffice to make out a violation of the Eighth Amendment. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Liberally construed, plaintiff's allegations that defendants Hamlet, Childress, and Friedrick knew about and failed to provide him with medical treatment for the blood in his

urine, states a cognizable claim for relief.[1]

2. Administrative Appeals

Plaintiff also alleges that defendants Hamlet and Childress, as well as Director Jeanne S. Woodford ("Woodford"), have improperly processed his administrative grievances. There is no constitutional right to a prison administrative appeal or grievance system, however. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without criticism, that Nebraska system contained no provision for administrative review of disciplinary decisions). Accordingly, plaintiff's allegations regarding defendants' processing of his administrative grievances do not state a cognizable claim for the violation of his constitutional rights.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's allegations, liberally construed, state a cognizable claim against defendants Hamlet, Childress, and Friederick for deliberate indifference to serious medical needs. All other claims are DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, and a copy of this order upon **Warden Jim Hamlet, Appeals Coordinator W.B. Childress, and Dr. Timothy W. Friederick** at **the California Training Facility** in Soledad, California, and upon the **California Attorney General's Office**. The Clerk shall also serve a copy of this order on

---

[1] Plaintiff also alleges that several named defendants were involved in the decision in May 2004 to transfer plaintiff to another prison. Such allegations do not state a claim for the violation of plaintiff's constitutional rights, as prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state generally may confine or transfer him to any of its institutions without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).

**plaintiff**.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion regarding plaintiff's cognizable claim, as described above. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

4

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to a defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

      c.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.    All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.    Extensions of time are not favored, though reasonable extensions will be granted. However, any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: November 15, 2005

_____
MAXINE M. CHESNEY
United States District Judge

5