IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON SYKES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES HAMLET, et al.,<br><br>　　　　　Defendants.<br>_____ | No. C 04-4229 MMC (PR)<br><br>**ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND FOR DEFAULT JUDGMENT; DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANT**<br><br>**(Docket Nos. 28 & 43)** |

On October 6, 2004, plaintiff, a California prisoner incarcerated at Pleasant Valley State Prison ("PVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against officials at the California Training Facility in Soledad, California ("CTF"), where plaintiff was formerly incarcerated. On November 15, 2005, the Court found cognizable plaintiff's claim that defendants James Hamlet ("Hamlet"), W.B. Childress ("Childress") and Timothy Y. Friederick ("Friederick"), all CTF employees, were deliberately indifferent to his serious medical needs.[1]

On February 23, 2006, plaintiff filed a motion for a preliminary injunction; on March 23, 2006, he filed a supplement thereto. In his motion, plaintiff seeks an order directing defendants and officials of PVSP to provide him with additional medical care. The defendants in this action do not work at PVSP, where plaintiff is now housed, however; as a

---

[1] Plaintiff's other claim, of an improper transfer to another prison, was dismissed as not cognizable.

1 result they cannot be ordered to provide plaintiff with medical care.[2]  The Court cannot
2 enjoin officials at PVSP because they are not defendants to this action.  See Zepeda v. I.N.S.,
3 753 F.2d 719, 727 (9th Cir. 1983).  To the extent plaintiff seeks injunctive relief against
4 PVSP officials, he must do so by way of a separate action filed against them.[3]  Accordingly,
5 plaintiff's motion for a preliminary injunction will be DENIED.

6       On June 20, 2006, plaintiff filed a motion for entry of default judgment against
7 Hamlet, on the grounds such defendant has not filed an answer or otherwise appeared in this
8 action.  The record indicates Hamlet has not been served with summons and complaint.  In an
9 order filed November 15, 2005, the Court directed the United States Marshal ("Marshal") to
10 serve Hamlet, Childress and Friederick at CTF, where plaintiff indicated they were located.
11 The Marshal successfully served Childress and Friederick at that location; but, on
12 December 21, 2005, returned the summons unexecuted as to Hamlet, indicating he could not
13 be located at CTF because he had "retired some time ago."  Accordingly, as Hamlet has not
14 been served, plaintiff's motion for default judgment will be DENIED.

15       Plaintiff must effectuate service on Hamlet or provide the Court with his current
16 location.  In cases involving a plaintiff proceeding in forma pauperis, the "officers of the
17 court shall issue and serve all process."  28 U.S.C. § 1915(d).  The court must appoint the
18 Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the
19 court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422
20 (9th Cir. 1994).  While plaintiffs who are incarcerated and proceeding in forma pauperis may
21 rely on service by the Marshal, "a plaintiff may not remain silent and do nothing to effectuate
22 such service.  At a minimum, a plaintiff should request service upon the appropriate
23 defendant and attempt to remedy any apparent defects of which [he] has knowledge."
24 Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, plaintiff's complaint has
25 been pending for over 120 days and thus, absent a showing of "good cause," is subject to

---

[2] Plaintiff was transferred to PVSP in August 2004.

[3] The proper venue for an action against PVSP officials is the Eastern District of California.  See 28 U.S.C. §§ 84(b),1391(b).

dismissal of the unserved defendant without prejudice. See Fed. R. Civ. P. 4(m).  If the Marshal is unable to effectuate service because, as is the case here, plaintiff has not provided sufficient information to locate the defendant, plaintiff must remedy the situation or face dismissal.  See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show good cause why prison official should not be dismissed under Rule 4(m) where prisoner did not show he had provided Marshal with sufficient information to serve official).  Accordingly, plaintiff himself must effect service on Hamlet or provide the Court with said defendant's current location such that the Marshal is able to effectuate service. Plaintiff's failure to do so, as ordered below, will result in dismissal of the claims against Hamlet pursuant to Rule 4(m).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for a preliminary injunction and motion for default judgment are hereby DENIED.

If plaintiff fails to effectuate service on defendant James Hamlet or provide the Court with his accurate current location, within **thirty (30) days** of the date this order is filed, plaintiff's claims against such defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This order terminates Docket Nos. 28 and 43.

IT IS SO ORDERED.

DATED: September 28, 2006

_____
MAXINE M. CHESNEY
United States District Judge

3