IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON SYKES, | No. C 04-4229 MMC (PR) |
| Plaintiff, | **ORDER RE: UNSERVED DEFENDANT; TO SHOW CAUSE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
| v. | |
| JAMES HAMLET, et al., | **(Docket No. 50)** |
| Defendants. | |

On October 6, 2004, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On September 28, 2006, the Court ordered plaintiff "to effectuate service on defendant James Hamlet or provide the Court with his accurate current location, within **thirty (30) days** of the date this order is filed."[1] On November 1, 2006, plaintiff was granted a thirty-day extension of time to comply with the September 28, 2006 Order. On November 6, 2006, plaintiff filed a "Notice of Motion" wherein plaintiff includes a "request for service"; plaintiff states therein that prison rules, for security reasons, prohibit his access to the home addresses of prison employees; he requests that defendants or their attorney, the California Attorney General, provide defendant Hamlet's current address to the Court.

The Court construes plaintiff's request as a motion for discovery and, good cause appearing, hereby directs defendants, if they or their counsel are in possession of Hamlet's current address, to either submit that information to the Court on or before **December 1,**

---

[1] Three other defendants were successfully served; their motion for summary judgment is pending. Service could not be effected on Hamlet because he retired.

**2006**, or, by that date, show cause why they should not be required to do so. The information may be submitted under seal and subject to a protective order that it not be disclosed to plaintiff or the public. If neither defendants nor their counsel are in possession of Hamlet's current address, defendants shall so notify the Court on or before **December 1, 2006**.

By the instant "Notice of Motion," plaintiff, for the second time, has requested appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). Plaintiff shall not continue to file requests for appointment of counsel. As the Court informed plaintiff previously, should the circumstances of the case materially change such that appointment of counsel becomes warranted, the Court will reconsider plaintiff's request for counsel *sua sponte*. The request for appointment of counsel is hereby DENIED.

This order terminates Docket No. 50.

IT IS SO ORDERED.

DATED: November 17, 2006

MAXINE M. CHESNEY
United States District Judge